HARRY CRAWFORD *v.* H. C. STAGNER.

[Abstract Kentucky Law Reporter, Vol. 3—689.]

**Failure of Consideration.**

     Where one executes a note for the purchase-money of real estate, receives a deed and is put into possession and defends against a suit

on the note, claiming that the vendor had no title to convey and that the title was in her children as heirs of her husband, and the plaintiff replies that the vendor acquired her title from a sheriff's deed, that the defendant was informed of the character of her title, and accepted from her a deed under which he still holds undisturbed possession, and the reply is not controverted, there is no error in allowing judgment against the defendant on the note and the sale of the land to satisfy it.

## APPEAL FROM MADISON COURT OF COMMON PLEAS.

### March 11, 1882.

OPINION BY JUDGE LEWIS:

The defense made by appellant in this case is that Mrs. Larrison, the assignor of the note sued on, and vendor of the land for which the note was given, had no title at the time she sold and conveyed to him; that the title is in the heirs of John Larrison, deceased, who by threatening to sue for the land and by their speeches are throwing a cloud upon the title, and that Mrs. Larrison is insolvent.

The plaintiff in the action alleges that Mrs. Larrison acquired the title to the land by purchase under an execution against the heirs of John Larrison, and a deed was made to her by the sheriff who made the sale, and that at the time he purchased the land appellant was informed of the character of her title, and accepted from her a deed for the land which he was put in possession of, and has ever since held undisturbed.

None of the allegations of the reply are controverted by appellant, and there is nothing in the record to show that the title of Mrs. Larrison is defective.

As, under the circumstances, appellant made no effort to bring the heirs of John Larrison before the court, there was no error in the judgment of the court below against him for the amount of the note and sale of the land to satisfy it, and it must therefore be *affirmed*.

*W. B. Smith, for appellant.*

*W. O. Miller, for appellee.*